**MOT**
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
E-mail: katherine@hkimlaw.com
HOWARD KIM & ASSOCIATES
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301

E-filed on: April 23, 2013

*Attorneys for David A. Rosenberg, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>**ZAFI DIAMANT**<br>**JODIE DIAMANT**<br><br>Debtors. | Case No. : 12-23432-lbr<br>Chapter 7<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT**<br><br>Date of Hearing: June 5, 2013<br>Time of Hearing: 9:30 a.m.<br>Place: Foley Federal Building<br>300 S. Las Vegas Blvd.<br>Las Vegas, NV 89101<br><br>Judge: Hon. Linda B. Reigle |
|---|---|

David A. Rosenberg ("Trustee"), the Chapter 7 Trustee for the bankruptcy estate of Zafi Diamant and Jodie Diamant ("Debtors"), by and through his counsel of record, Howard Kim & Associates, respectfully submits this Motion to Approve Settlement Agreement between Trustee and Debtors (collectively, the "Parties"). The Settlement Agreement resolves a dispute between the Parties as to the value of real property located at 330 Rancho Circle, Las Vegas, Nevada 89107 ("Real Property") and personal property consisting of household goods and furnishings located on the Real Property ("Personal Property" and collectively with Real Property the "Property") and the extent to which the Personal Property is exempt under the Bankruptcy Code.

///

- 1 -

This motion is based on Fed. R. Bankr. P. 9019, the following Memorandum of Points Authorities, the Declaration of David A. Rosenberg ("Rosenberg Declaration") filed concurrently herewith, and any oral argument this Court should entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Trustee requests this Court's authority to approve a settlement with Debtors which will dispose of the claims the Trustee may have asserted as to real property located at 330 Rancho Circle, Las Vegas, Nevada 89107 ("Real Property") and personal property consisting of household goods and furnishings located on the Real Property ("Personal Property" and collectively with Real Property the "Property"). The settlement is in the best interest of the Bankruptcy Estate as it will avoid the time and costs of litigating the claims and return money to the estate in an expedient manner.

### II. FACTS

1. On December 6, 2012, Zafi Diamant and Jodie Diaman ("Debtors") filed their Petition for Chapter 7 bankruptcy protection in the United States Bankruptcy Court in bankruptcy case number 12-23432-lbr [Dkt. No. 1]. Subsequently, David A. Rosenberg was appointed as trustee [Dkt. No. 10].

2. As set forth in Debtors' Schedule A, Debtors own real property located at 330 Rancho Circle, Las Vegas, Nevada 89107 ("Real Property") [Dkt. No. 1]. As set forth in Debtors' Schedule D, Americas Servicing Co. has a first mortgage on the Real Property in the amount of $790,000.00 and Bank of Nevada has a second mortgage on the Real Property in the amount of $200,000.00 [Dkt. No. 1]. Debtors claim the Real Property is worth 1.2 million dollars [Dkt. No. 1].

3. As set forth in Debtors' Schedule B, Debtors also own personal property consisting of household goods and furnishings ("Personal Property" and collectively with Real Property the "Property"), which is located on the Real Property [Dkt. No. 1]. Debtors claim the Personal Property is worth $29,370.00 [Dkt. No. 1].

4. In their Bankruptcy Schedule C, Debtors claimed a $550,000.00 exemption for the Real Property pursuant to NRS 21.090(1)(l) [Dkt. No. 1].

5. The Trustee originally believed the Real Property was worth over 1.54 million dollars (factoring in the $990,000.00 in secured claims and $550,000.00 for the homestead exemption). As such, the Trustee believed he could recover money for the estate from the sale of the Real Property. The Trustee has since realized that the Real Property is not likely to be sold for over 1.54 million dollars, as evident by the pending sale of the Real Property by the Debtors in the amount of approximately 1.51 million dollars. Given this, Trustee has filed and served a Notice of Intent to Abandon Interest in Real Property [Dkt. No. 48 and 49].

6. In their Bankruptcy Schedule C, Debtors claimed a $24,000.00 exemption for the Personal Property pursuant to NRS 21.090(1)(b) and a $943.68 exemption for the Personal Property pursuant to NRS 21.090(1)(z) [Dkt. No. 1]. As stated above, Debtors claim the Personal Property is worth approximately $29,370.00 [Dkt. No. 1].

7. Trustee believes the Personal Property is worth more than $29,370.00. Even assuming the Personal Property is worth $29,370.00, Debtors only claim $24,943.68 is exempt under NRS 21.090(1)(b) and (1)(z).

8. A dispute exists between Debtors and Trustee over the value of the Property and the extent to which the Personal Property is exempt under the Bankruptcy Code.

9. The Parties have agreed to settle all of the Trustee's potential claims as to the Property pursuant to the terms of the Settlement Agreement (the "Agreement"), attached hereto as **Exhibit 1.** The Trustee has agreed to release the bankruptcy estate's interest in the Property in exchange for a $20,000.00 payment from the Debtors. The Trustee has concluded that the proposed settlement is in the best interest of the estate and creditors, as it will avoid the costs and expense of further litigation, and seeks approval of the Agreement. *See* Rosenberg Declaration.

### III.
### THE SETTLEMENT AMOUNT IS IN THE BEST INTEREST OF THE ESTATE

**A.    Standard for Approval of the Settlement**

After notice and a hearing, this Court may approve a Trustee's proposed settlement of a claim. Fed. R. Bankr. P. 9019(a). Whether a compromise should be accepted or rejected lies

- 3 -

within the s*ound discretion of th*e court. See In re Carson, 82 B.R. 84**7 (Bankr. S**.D. Ohio 1987); In re Ericson, 6 B.R. 1002 (D. Minn. 1980); see also Martin v. Crane (In re A&C Properties), 784 F.2d 1377, 1380 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986).

Courts should consider four factors in determining if a proposed settlement is fair, reasonable and adequate:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In re A & C Properties, 784 F.2d at 1381.

Notably, a bankruptcy court should refrain from substituting its own judgment for the judgment of the party charged with operation and maintenance of the estate. In re Clara Leather, Inc., 44 B. R. 457, 465 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (D.C.N.Y. 1985). As the Second Circuit has stated, in reviewing a proposed settlement a court should not "decide the numerous questions of law and fact . . . but rather canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." In re W.T. Grant & Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S 822 (1983). A "mini-trial" on the merits of the underlying cause of action is not required and should not be undertaken by the bankruptcy court. Id., see In re Blair, 538 F.2d 849, 850 (9th Cir. 1976); Matter of Walsh Const., Inc., 699 F.2d 1325, 1328 (9th Cir. 1982).

B.     **The Trustee Has Met the A&C Factors**

The Trustee has complied with all of the relevant A&C factors in this case. **First**, while the Trustee has a good likelihood of success in proving the Personal Property is worth more than $29,370.00, Trustee does not know exactly how much he could receive for the Personal Property and may recover less than the settlement amount after attorney's fees for litigating the claims are taken into consideration. **Second**, if the Trustee succeeded in all of his claims relating to the Personal Property, he would be required to take possession of the Personal Property and sell it for the benefit of the estate. This task would be time-consuming and costly to the estate,

- 4 -

particularly if the Trustee has to sell the Personal Property at an auction which may take up to 15%-25% of the sales proceeds. Moreover, there is no guaranty that the estate would be able to recover more than the settlement amount. This settlement, however, ensures that assets will come to the estate in an expedient manner.

**Third**, while the litigation related to prosecuting the claims will not be particularly complex, again, the estate may recover less than the settlement amount when auction fees and attorney's fees for litigating the claims are taken into consideration. Therefore, the Trustee believes that the added expense, inconvenience and delay necessarily involved in filing the claims and selling the Personal Property may not be in the estate's and creditors' best interest. **Finally**, the amount proposed will assist the Trustee in administering the estate for the benefit of the creditors in a timely manner.

It is the Trustee's judgment that the settlement offer is fair and reasonable, and is in the best interest of creditors. Accordingly, the Trustee has determined it is better for the estate to accept the terms of the settlement agreement than to continue to litigate this matter.

## IV.
### CONCLUSION

Based upon the Declaration in Support, the Trustee's business judgment and the A&C factors, the settlement is clearly in the best interest of the Bankruptcy Estate. Accordingly, the Trustee respectfully requests this Court to approve the settlement agreement as proposed.

DATED this 23rd day of April, 2013.

**HOWARD KIM & ASSOCIATES**

*/s/ Howard C. Kim*
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014

*Attorneys for David A. Rosenberg,
Chapter 7 Trustee*

- 5 -

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made as of April 16, 2013 by and between David A. Rosenberg, the Chapter 7 Bankruptcy Trustee ("Trustee") and Zafi Diamant and Jodie Diamant ("Debtors"). The Trustee and Debtors are hereinafter collectively referred to as the "Parties."

## RECITALS

A. On December 6, 2012 ("Petition Date"), Debtors filed their Petition for Chapter 7 bankruptcy protection in the United States Bankruptcy Court in bankruptcy case number 12-23432-lbr [Dkt. No. 1]. On December 10, 2012, David A. Rosenberg was appointed as Chapter 7 Trustee [Dkt. No. 10].

B. As set forth in Debtors' Schedule A, Debtors own real property located at 330 Rancho Circle, Las Vegas, Nevada 89107 ("Real Property") [Dkt. No. 1].

C. As set forth in Debtors' Schedule B, Debtors also own personal property consisting of household goods and furnishings ("Personal Property" and collectively with Real Property the "Property"), which is located on the Real Property [Dkt. No. 1].

D. In their Bankruptcy Schedule C, Debtors claimed an exemption for the Real Property pursuant to NRS 21.090(1)(l) and claimed an exemption for the Personal Property pursuant to NRS 21.090(1)(b) and (1)(z).

E. A dispute exists between Debtors and Trustee over whether the Property qualifies for exemption under the Bankruptcy Code and whether the Property belongs to the estate.

F. The Parties desire to compromise and settle their dispute as to the Property.

G. Therefore, in consideration of the mutual promises and undertakings contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties, hereby agree as follows:

## TERMS AND CONDITIONS

1. Debtors shall pay to the Trustee a total of **$20,000.00** over six months. Debtors shall pay $3,333.33 in certified funds to David A. Rosenberg, Chapter 7 Trustee, c/o Howard Kim and Associates, 400 North Stephanie Street, Suite 160, Henderson, Nevada 89014 within fifteen (15) calendar days of entry of an order approving this Agreement by the Bankruptcy Court. Debtors shall continue to make payments of $3,333.33 in certified funds, due at the first of every month, until the entire $20,000.00 settlement amount has been satisfied.

2. In consideration and exchange for the payments listed in Paragraph 1 above, the Trustee, his transferees, assigns, attorneys, agents and servants hereby abandon, release, and discharge any and all claims he may have asserted related only to the Property.

3. By executing this Agreement, the Trustee agrees that the bankruptcy estate has abandoned its interest in the Real Property.

4. Upon execution of this agreement by both Parties, Trustee shall file within ten (10) business days any and all documents necessary to obtain Bankruptcy Court approval of this Agreement.

5. Upon entry of an order approving this Agreement by the Bankruptcy Court, Trustee shall file a Notice of Abandonment with the Bankruptcy Court which shall specifically state that the Trustee has abandoned, released, and discharged of any and all right, title and interest in and to all of the claims the Trustee may have to the Property.

6. If Debtors fail to make the payments referenced in Paragraph 1 above, the Debtors agree to waive any future objections or oppositions in allowing the Trustee to set aside or revoke their bankruptcy discharge and/or seek turnover of the Property as non-exempt property of the bankruptcy estate. Further, Debtors agree that any applicable statutes of limitation are tolled by this Agreement until the Trustee has received the entire $20,000.00 settlement amount.

7. In the event of a default under the terms of this Agreement, Debtors shall retain the right to assert any applicable exemption to the Property, and the Trustee shall retain the right to challenge any such exemption asserted by Debtors after default.

8. Debtors' acceptance of this Agreement does not constitute a waiver of Debtors' rights to assert any exemptions under the Bankruptcy Code.

9. The Trustee's acceptance of any late payment or failure to invoke the remedies set forth in this Agreement due to such breach of the agreement would not constitute a waiver of the Trustee's rights to seek such remedies for any subsequent breaches of this agreement.

10. The Trustee warrants and represents that he is the sole and lawful owner of all right, title and interest in and to all of the claims released hereby and that he has not heretofore voluntarily or involuntarily, by operation of law or otherwise, assigned or transferred or purported to assign or transfer to any person or entity any claim or any portion thereof.

11. The Parties hereby acknowledge that they have been represented by independent legal counsel of their own choice, and/or have voluntarily declined legal counsel, throughout all the negotiations which preceded the execution of this Agreement and that they have executed this Agreement after receiving the advice of such independent legal counsel, and without reliance upon any promise or representation of any person or persons acting for or on behalf of the other Parties except as expressly set forth in this Agreement. The Parties further acknowledge that they or counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement. Counsel for each Party has read and approved the language of this Agreement.

12. The Parties and their attorneys agree to keep the terms of this Agreement confidential, and agree not to disclose the same to anyone, except to the extent required by the Bankruptcy Court for the Trustee to obtain any necessary approvals for the settlement contained within the Agreement.

13. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

14. The Parties agree that the United States Bankruptcy Court for the District of Nevada shall have continuing jurisdiction over this Agreement and the Parties for purposes of construing and enforcing the Agreement and resolving any disputes concerning the scope or effect of the Agreement, and that any such disputes between the parties shall be brought solely before that Bankruptcy Court, or, if that Bankruptcy Court declines to exercise jurisdiction, before a court of competent jurisdiction in Clark County, Nevada.

15. This Agreement may be executed in counterparts, each of which together shall be deemed to be an original, and all of which together shall be deemed

16. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

17. This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above.

18. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, written or oral. This Agreement may not be altered or amended except by an instrument in writing executed by all of the Parties hereto.

19. The undersigned hereby certify that they have read this entire Agreement and fully understand it.

_____
David A. Rosenberg, Chapter 7 Trustee

Dated: April _17_, 2013

_____
Debtor Zafi Diamant

Dated: April _16_ 2013

_____
Debtor Jodie Diamant

Dated: April _16_, 2013